**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-00977-PAB-MEH

THOMAS CARRANZA, et al.

     Plaintiffs, on their own and on behalf of a class of similarly situated persons,

v.

STEVEN REAMS, Sheriff of Weld County, Colorado, in his official capacity,

     Defendant.

---

**EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**

---

     Plaintiffs, by and through undersigned counsel, submit this emergency motion for limited expedited discovery from Defendant Reams under Federal Rule of Civil Procedure 26(d)(1). As set forth below, Plaintiffs have good cause for targeted discovery in support of the preliminary injunction. *See Advantage Sales & Mktg. LLC v. Gold*, No. 18-CV-00312-RM, 2018 WL 6252781, at *1 (D. Colo. Feb. 13, 2018) (granting narrowly tailored expedited discovery in support of preliminary injunction).

     Specifically, Plaintiffs seek an order requiring Defendant to produce or make available for inspection the following narrowly tailored discovery in advance of the preliminary injunction hearing:

1. An inspection of the Weld County jail by Plaintiffs' medical expert on Friday, April 24, 2020;

2. A daily report, from Saturday, April 11 through the date of the preliminary injunction hearing, of the total count of individuals in any and all isolation and quarantine units in the jail;

3. A daily report, from Saturday, April 11 through the date of the preliminary injunction hearing, of the total count of individuals at the jail who have tested

positive for COVID-19, or who are being treated as presumptively positive based on their symptoms; and

4.   Copies of all policies and procedures issued by Defendant concerning COVID-19, including any policies or procedures to protect individuals in the jail from COVID-19, with supplements to Plaintiffs as those policies are updated through the date of the preliminary injunction hearing.

## CERTIFICATE OF CONFERRAL

Defendant objects to the relief requested. Defendant has indicated he would provide some but not all of the requested discovery in exchange for a set of demands including demands unrelated to discovery and to which Plaintiffs would not agree. The parties conferred via email. Counsel for plaintiffs has requested multiple times to have a telephone call to confer about this and other issues, but counsel for Defendant refuses to engage in telephonic conferral.

## BACKGROUND

1.      On April 7, 2020, Plaintiffs filed their Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing, *see* Doc. 1, and Complaint for Injunctive and Declaratory Relief, *see* Doc. 7. This is a putative class action. Plaintiffs have alleged, with substantial basis, a grave and urgent threat to the health and safety of vulnerable people detained in Weld County jail ("jail") relating to an outbreak of COVID-19 in the facility, and the failure of Defendant Reams to reasonably protect those under his care. Plaintiffs are representative of the class of persons highly vulnerable to serious illness or death from the virus, including those over 55 years of age, and people with pre-existing health conditions.

2.      On April 8, 2020, Plaintiffs' counsel conferred with defense counsel to request that Plaintiffs' medical expert be permitted to inspect the jail. The parties conferred and reached an agreement that complied with Defendant's security concerns and would not disrupt the jail's operations. The inspection took place on April 10, 2020, and was conducted by University of

Colorado Associate Professor of Medicine Carlos Franco-Paredes, MD, MPH. Representatives of the County participated, as well as a member of Plaintiffs' legal team.

3.    Defendant submitted his Response to Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing on April 13. Doc. 26. Defendant Reams claims, in short, to have appropriately responded to the COVID-19 epidemic. Needless to say, the parties vigorously dispute the facts.

4.    Plaintiffs have continued to investigate this matter and anticipate presenting evidence that, rather than ensure constitutional treatment of Plaintiffs and those under his care, Defendant Reams deliberately failed to take the COVID-19 crisis seriously, he cavalierly ignored public health protocols, and he scoffed at guidance from Governor Polis and the experts. By the time he did begin to take precautions, it was too late—an outbreak in his jail festered and spread, endangering Plaintiffs and the putative class.

5.    Tragically, Plaintiffs have learned that a vulnerable detainee in Weld County jail, Charles Peterson, contracted the COVID-19 virus in the jail and died shortly after his early release from the jail. *See* Doc. 28. As of April 10, 2020, at least 14 inmates have been either confirmed or presumed positive for COVID-19.

6.    Plaintiffs and their counsel acknowledge recent attempts by Defendant to improve his failed response to the COVID-19 crisis. As a result, Plaintiffs voluntarily moved to withdraw the motion for a temporary restraining order, Doc. 29, which the Court granted, Doc. 30. In its minute order, the Court noted the parties' substantial progress toward resolving the dispute, and set the matter for a preliminary injunction hearing via video teleconference the week of April 27, 2020. Doc. 30.

7.      Although the parties have made progress, significant factual disputes remain to be resolved at the hearing. Plaintiffs dispute that Defendant Reams implemented adequate precautions consistent with the constitutional rights of Plaintiffs and the putative class they represent. Indeed, Plaintiffs have identified multiple individuals—named Plaintiffs and other witnesses—who contradict the Defendant's claims. *See, e.g.*, Docs. 1-1 (Exhibits 1-4); Docs. 28-1 (Exhibits 1-8).

8.      Moreover, Defendant Reams' dismal track record in responding to COVID-19, and his cavalier and dismissive statements regarding the deadly virus, place his credibility squarely at issue in this litigation. Plaintiffs cannot take Defendant Reams' declaration at face value and are entitled to seek limited discovery.

9.      The discovery sought is narrowly tailored to support the relief requested. First, Plaintiffs seek to re-inspect the jail to observe current conditions, to obtain evidence of any changes since April 10, and to investigate whether the claims of Defendant Reams in his declaration are accurate.

10.     Second, Plaintiffs seek updated evidence of the number of individuals held in isolation or quarantine on a daily basis. This evidence is relevant to whether the measures in place at the time of the April 10 inspection are succeeding in protecting the Plaintiffs and the putative class and in containing the spread of the virus within the jail.

11.     Third, Plaintiffs seek updated evidence of the number of people confirmed positive for COVID-19, or presumptively positive due to symptoms. Again, this information is highly relevant to whether Defendant is adequately containing the outbreak of COVID-19 in the jail, of critical importance to the safety of Plaintiffs and the class.

12.     Fourth, Plaintiffs seek relevant policies and procedures regarding Defendant's response to the COVID-19 crisis. This information is of critical importance to the preliminary relief requested because it will show Defendants action and inaction in response to the pandemic, the timing of the issuance of these policies, and whether the policies are adequate to protect Plaintiffs' constitutional rights.

13.     After repeatedly—and publicly—dismissing the dangers of COVID-19 and allowing the virus to run rampant in his facility, resulting in the death of at least one man and widespread contagion, Defendant Reams now claims to be taking adequate precautions. That remains to be seen. Plaintiffs seek targeted, limited discovery to ascertain whether the constitutional rights of Plaintiffs and the class are being protected. The Court should grant the motion.

## ARGUMENT

"Expedited discovery is permitted on a showing of good cause provided that the discovery is 'narrowly tailored to seek information necessary to support expedited or preliminary relief.'" *Advantage Sales & Mktg. LLC v. Gold*, No. 18-CV-00312-RM, 2018 WL 6252781, at *1 (D. Colo. Feb. 13, 2018) (internal cite omitted); *see also Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (noting "good cause standard may be satisfied where a party seeks a preliminary injunction"). Federal Rule of Civil Procedure 26(d)(1) permits early discovery when authorized "by court order," and district courts issue such orders when justified by "good cause." *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("Rule 26(d), Fed. R. Civ. P., allows me to order expedited discovery upon a showing of good cause.").

Obtaining relevant evidence in possession of the Defendant for presentation at a hearing on preliminary relief constitutes "good cause." *Advantage*, 2018 WL 6252781 at *1. This conclusion is supported by Commentary to Rule 26(d), which states that discovery can begin early, and that "[t]his will be appropriate in some cases, such as those involving requests for a preliminary injunction ….." *See also Advantage*, 2018 WL 6252781 at *1 (relying on Commentary). As reasoned by the Court in *Advantage*, when granting limited expedited discovery in this scenario, "[i]n order for all parties to be properly prepared for that [preliminary injunction] hearing, in terms of the submission of evidence, some form of limited discovery will need to take place beforehand." *Id.*

Courts in other jurisdictions similarly conclude that early discovery is appropriate for presentation at a preliminary injunction hearing. *See, e.g., Midwest Sign & Screen Printing Supply Co. v. Dalpe*, 386 F. Supp. 3d 1037, 1057 (D. Minn. 2019) ("The purpose of expedited discovery in the context of a temporary restraining order or preliminary injunction is for further development of the record before the preliminary injunction hearing, which better enables the court to judge the parties' interests and respective chances for success on the merits."); *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (good cause to grant discovery related "to the specific issues that will have to be determined at the preliminary injunction hearing.").

Here, the Court should grant Plaintiffs' motion. Plaintiffs have made a small number of narrowly tailored requests which are not unduly burdensome nor impracticable, and which seek relevant evidence. Request (1), an inspection of the jail, is authorized by Federal Rule of Civil Procedure 34(a)(2), and an expert inspection of the facility close in time to the hearing will assist the Court's analysis. *See, e.g., United States v. Erie Cty., NY*, No. 09-CV-849S, 2010 WL

6

986505, at *2 (W.D.N.Y. Mar. 17, 2010) (unreported) (granting expedited motion to inspect jail).  The parties have already agreed to security protocols for the inspection which were used on April 10, and those same protocols should be used for the reinspection.

For instance, after inspection the expert may be able to opine as to whether Defendant Reams' attempted response to the COVID-19 outbreak is adequate, whether and which parts of the facility still pose unacceptable risks to Plaintiffs, and whether additional precautions and actions must be taken by the Defendant, as well as myriad other relevant evidence. Although an inspection occurred by agreement on April 10, it is critical that Plaintiffs have the opportunity to present evidence regarding the state of the facility as it is as of the time of the preliminary injunction hearing, and to investigate whether the belated precautions implemented by Defendant Reams as of April 10 have been kept in place, and whether they are succeeding in containing the spread of the virus.

Plaintiffs' other requests seek discovery relevant to whether they face irreparable harm in the form of infection and possible death from COVID-19, and whether Defendant Reams' actions are adequately protecting them. *See, e.g., Jones'El v. Berge*, 164 F. Supp. 2d 1096 (W.D. Wisc. 2001) ("[P]ain, suffering and the risk of death constitute 'irreparable harm' sufficient to support a preliminary injunction in prison cases."). Specifically, Requests (2) and (3) regard whether the jail is adequately isolating individuals, and whether the COVID-19 outbreak in the facility is worsening or not over time, all of which is highly relevant to the question of whether Plaintiffs are being adequately protected or not, and whether the outbreak in the facility is worsening.

Finally, Request (4), for Defendant's policies and procedures regarding COVID-19, is narrowly tailored to the relief sought, and highly relevant. Whether Defendant has implemented

adequate policies and procedures in response to the COVID-19 crisis is obviously relevant to whether Plaintiffs' face irreparable harm. It is Defendant's duty to take "reasonable measures to guarantee the safety" of Plaintiffs and the class, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), and any policies and procedure regarding COVID-19 will reveal what measures he has in fact taken, and whether he is complying with his own written policies. *See, e.g., Hernandez v. Cty. of Monterey*, 110 F. Supp. 3d 929, 943 (N.D. Cal. 2015) (policies and procedures fell below the standard of care).

The Court should grant the motion because Plaintiffs seek "narrowly tailored" discovery to support their requested preliminary relief. *Advantage*, 2018 WL 6252781 at *1. Therefore, "good cause" is shown and the Court should issue an order pursuant to Rule 26(d)(1).

## CONCLUSION

Plaintiffs have demonstrated good cause for limited immediate discovery in support of the preliminary relief requested. The Court should grant the motion and order Defendant Steve Reams to produce the following discovery:

1. An inspection of the Weld County jail by an independent medical expert on Friday, April 24, 2020, using the same protocols as those used for the April 10, 2020 inspection;

2. A daily report, from Saturday, April 11 through the date of the preliminary injunction hearing, of the total count of individuals in any and all isolation and quarantine units in the jail;

3. A daily report, from Saturday, April 11 through the date of the preliminary injunction hearing, of the total count of individuals at the jail who have tested positive for COVID-19, or who are being treated as presumptively positive based on their symptoms; and

4. Copies of all policies and procedures issued by Defendant concerning COVID-19, including any policies or procedures to protect individuals in the jail from COVID-19, with supplements to Plaintiffs as those policies are updated through the date of the preliminary injunction hearing.

Dated: April 17, 2020

Respectfully submitted,

s/ *Andy McNulty*

Andy McNulty
Michael P. Fairhurst
David A. Lane
Darold W. Killmer
KILLMER, LANE & NEWMAN, LLP
1543 Champa St. Suite 400
Denver, CO 80202
(303) 571-1000
(303) 571-1001 Facsimile
amcnulty@kln-law.com
mfairhurst@kln-law.com
dlane@kln-law.com
dkillmer@kn-law.com

*and*

David G. Maxted
Maxted Law LLC
1543 Champa Street Suite 400
Denver, CO 80202
Phone: 720-717-0877
Fax: 720-500-1251
dave@maxtedlaw.com

*and*

Jamie Hughes Hubbard
STIMSON STANCIL LABRANCHE HUBBARD, LLC
Phone:  720.689.8909
Email:  hubbard@sslhlaw.com

*Counsel for Plaintiffs Carranza, Martinez, Propes,
Ward and Hunter*

Mark Silverstein
Rebecca T. Wallace
Sara R. Neel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203
(720) 402-3114

msilverstein@aclu-co.org
rtwallace@aclu-co.org
sneel@aclu-co.org

*and*

Daniel D. Williams
Lauren E. Groth
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, Colorado 80302
(303) 442-6514
Williams@hbcboulder.com
Groth@hbcboulder.com
*In cooperation with the ACLU Foundation of Colorado*

**Counsel for Plaintiffs Barnum and Lewis**

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2020, I electronically filed the foregoing **EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel.


Matthew Hegarty
Andrew Ringel
John Peters
HALL & EVANS LLC
1001 17th Street, Suite 300
Denver, CO 80202
hegartym@hallevans.com
ringel@hallevans.com
jpeters@hallevans.com

*/s/ Charlotte Bocquin Scull*
Paralegal