IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 20-cv-00977-PAB

THOMAS CARRANZA,
JESUS MARTINEZ,
RICHARD BARNUM,
THOMAS LEWIS,
MICHAEL WARD,
COLBY PROPES, and
CHAD HUNTER,

      Plaintiffs, on their own and on behalf of a class of similarly situated persons,

v.

STEVEN REAMS, Sheriff of Weld County, Colorado, in his official capacity,

      Defendant.

---

## MINUTE ORDER

---

**Entered by Chief Judge Philip A. Brimmer**

This matter is before the Court on plaintiffs' Emergency Motion for Limited Expedited Discovery [Docket No. 31]. Plaintiffs move for the following discovery in advance of the preliminary injunction hearing in this case:

    1. An inspection of the Weld County Jail by plaintiffs' medical expert on Friday, April 24, 2020;

    2. A daily report, from Saturday, April 11 through the date of the preliminary injunction hearing, of the total count of individuals in any and all isolation and quarantine units in the Jail;

    3. A daily report, from Saturday, April 11 through the date of the preliminary injunction hearing, of the total count of individuals at the Jail who have tested positive for COVID-19, or who are being treated as presumptively positive based on their symptoms; and

    4. Copies of all policies and procedures issued by defendant concerning COVID19, including any policies or procedures to protect individuals in

the Jail from COVID-19, with supplements to plaintiffs as those policies
are updated through the date of the preliminary injunction hearing.
Docket No. 31 at 1-2.

A party seeking expedited discovery has the burden of showing good cause for
the requested departure from usual discovery procedures.  *Qwest Commc'ns Int'l, Inc.
v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see also* Fed. R.
Civ. P. 26(b).  Expedited discovery has been granted in cases where discovery of
certain facts is "unusually difficult or impossible."  *See Pod-Ners, LLC v. N. Feed &
Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Plaintiffs have shown good cause for their second and third discovery requests.
The information is "unusually difficult or impossible" to obtain and is uniquely within
defendant's control.  *See id.*  Defendant has indicated that he does not oppose these
requests.  *See* Docket No. 34 at 7 n.2.  Similarly, plaintiffs have shown good cause for
the request for a follow-up inspection of the Jail.  However, the Court will limit such
inspection to determining whether precautions implemented by defendant as of April
10, 2020 have been kept in place and whether those precautions are succeeding in
containing the spread of the virus.  *See* Docket No. 31 at 7.  While another inspection
undoubtedly entails some disruption, it provides direct evidence that may obviate the
need for more drawn out factual development at the preliminary injunction hearing.
Plaintiffs have not shown good cause for the remainder of their discovery requests.
Accordingly, it is

**ORDERED** that plaintiffs' Emergency Motion for Limited Expedited Discovery
[Docket No. 31] is GRANTED IN PART and DENIED IN PART.

DATED April 21, 2020.

2