**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 20-cv-977-PAB-SKC

THOMAS CARRANZA, *et al.*,

     Plaintiffs, on their own and on behalf of a class of similarly situated persons,

v.

STEVEN REAMS, Sheriff of Weld County, Colorado, in his official capacity,

     Defendant.

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

---

## I.   INTRODUCTION

Plaintiffs seek relief on behalf of all medically vulnerable individuals incarcerated in the Weld County Jail and at risk of serious, possibly fatal, harm from COVID-19. Given the large number of inmates at risk within the Weld County Jail who are in need of protection and would benefit from injunctive relief, because Plaintiffs meet the requirements under Fed. R. Civ. P. 23(a) and 23(b), and because the arguments raised by Defendants go primarily to the merits of Plaintiffs' claims rather than the question of certification, class certification is appropriate in this case.

## II.   PLAINTIFFS HAVE MET THEIR BURDEN WITH RESPECT TO RULE 23(a).
### A.  Defendant Reams concedes the numerosity of Plaintiff's proposed Class.

In his Response, Defendant Reams "acknowledges [the] number of potential class members." [Dkt. 64 at 4]. This is likely because the proposed Class encompasses a significant proportion of the inmates at the Weld County Jail and, given the varying lengths of sentences and unpredictable nature of COVID-19, that number may change and make traditional joinder

1

impractical, if not impossible.  *See* [Dkt. 2 at 6].  Accordingly, the proposed Class satisfies the Rule 23(a)(1) numerosity requirement.

### B.   Plaintiffs' claims present sufficient issues of fact and law in common with the proposed class.

Plaintiffs have also satisfied the commonality inquiry.  To meet the commonality requirement of Rule 23(a)(2), a proposed class's "claims must depend upon a common contention. . . [and] determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart*, 564 U.S. at 350.  "A finding of commonality requires only a single question of law or fact common to the entire class."  *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010) (citation omitted).  While "mere allegations of systemic violations of the law" do not satisfy the commonality requirement, "every member of the class need not be in a situation identical to that of the named plaintiff," so long as a common "discrete legal or factual question" exists.  *Id.*

In his Response, Defendant asserts that Plaintiffs cannot meet their burden with respect to the commonality requirement because "any injunctive relief must inevitably be tailored to unique considerations of each inmate. . . ."  [Dkt. 64 at 5].  In addition to being an incorrect statement about the relief requested by Plaintiffs, this assertion also misapprehends the commonality analysis.  As stated in Plaintiffs' Motion, there are multiple questions of law and fact pertaining to the Weld County Jail's policies and practices regarding COVID-19, including whether the Weld County Jail's course of conduct has exposed the class to harm and/or a substantial risk of harm. Although the specific medical circumstances of individual class members may vary—as would be the case with almost any health-related class—the question of whether Defendant's failures to take appropriate preventative measures exposed the proposed Class members to a substantial risk of harm can be answered the same for the class as a whole, such that "an issue that is central to the

2

validity of each one of the claims" can be resolved in "one stroke." *See Wal-Mart*, 564 U.S at 350. Accordingly, Plaintiffs have satisfied the commonality requirement.

### C.  Plaintiffs' claims are typical of those of the proposed class.

Plaintiffs have similarly met their burden to establish typicality.  "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 622 (D. Kan. 2008).  In contrast to what Defendant Reams contends, *see* [Dkt. 64 at 5-6], "[t]ypicality does not require that the claims of the class members be identical to the claims of the class plaintiffs," for "[n]o action could proceed as a class action if each named plaintiff had to uniformly assert the same legal claims or had to have suffered the same injuries as all class members." *Id.*  (citation omitted).  Indeed, "differing fact situations of class members do not defeat typicality . . . so long as the claims of the class representatives and class members are based on the same legal or remedial theory." *Id.* (quoting *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir. 1988)).

Regardless of the constitutional amendment under which a particular plaintiff's claims arise, the typicality analysis is the same for both. As stated above, *see* Part III.B, *supra*, notwithstanding the various individual characteristics of the named Plaintiffs and proposed Class, a common inquiry guides the resolution of this case; specifically, whether Defendant Reams's conduct has created a substantial risk of harm and/or death.  Furthermore, if the Court should later determine that utilizing different legal standards is necessary for resolving claims brought under the Eighth Amendment versus the Fourteenth Amendment, *see* [Dkt. 55 at 18 n.9], it can amend the order certifying the class to include subclasses at that time.  *See* F.R.C.P. 23(c)(1)(C), 23(c)(5).

### D.  Given the transitory nature of county jail detention, Plaintiffs can adequately represent the proposed Class.

Defendant Reams also incorrectly claims that "Plaintiffs' claims for injunctive relief are moot," because the named Plaintiffs have been released from the Weld County Jail.  [Dkt. 64 at 6].  However, in cases such as the one at bar where the claim is "capable of repetition, yet evading review," the termination of a class representative's claim does not moot the claims of the class as a whole.  *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975).  The United States Supreme Court addressed the issue of a proposed class representative's release from pretrial detention in *Gerstein v. Pugh*.  In determining that the termination of the named class representative's individual claim did not moot the claims of the unnamed members of the class, the Court noted:

> Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted.  The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures.  The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'

*Id.*  Likewise, in *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), the Court held that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim . . . ."  445 U.S. at 404.

In keeping with *Gerstein* and *Geraghty*, the Tenth Circuit has determined that "a nascent interest attaches to the proposed class upon the filing of a class complaint" such that termination of the named class representative's claim does not moot the action as a whole.  *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011).

The cases cited by Defendant Reams do not warrant a departure from the precedent set forth above.  For example, *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997), cited by Defendant for the proposition that an inmate's claim for injunctive relief is moot upon release from the subject facility, [Dkt. 64 at 4], involved a single plaintiff.  The reasoning set forth in *Gerstein* and *Geraghty*

4

obviously does not apply in cases in which there is a single plaintiff. *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134 (10th Cir. 2009) is likewise inapposite, for that case concerned a plaintiff who sought class certification <u>more than two years</u> after judgment on the merits entered in his favor. *Id.* at 1136. Indeed, *Clark* specifically noted that the United States Supreme Court

> has suggested two situations in which a class may be certified despite the mooting of the named plaintiff's claim prior to the district court's class certification decision: (1) when the plaintiff's claim is 'capable of repetition, yet evading review,' and (2) when the plaintiff's claim is 'inherently transitory [such] that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.

*Id.* at 1139 (quoting *Geraghty*, 445 U.S. at 398-400) (emphasis in original).

Plaintiffs' claims on behalf of both pretrial detainees and convicted inmates fall within both exceptions laid out by the Supreme Court. Until Defendant Reams and officials of the Weld County Jail change the policies and procedures surrounding COVID-19 and medically-vulnerable inmates, current and new inmates will continue to be at risk of harm. Furthermore, inmates at the Weld County Jail, whether awaiting trial or serving a sentence pursuant to a criminal conviction, usually spend no more than a year in the facility, at most, since it is solely a county jail. Any one inmate's time in the Jail is necessarily transitory and will likely end before any federal litigation would. Accordingly, Plaintiffs' release from the Weld County Jail does not moot the motion for class certification, and, for the reasons set forth in Plaintiff's Motion, Plaintiffs can adequately serve as class representatives.

## III.     PLAINTIFFS HAVE ALSO MET THEIR BURDEN UNDER RULE 23(b)(2).

Certification pursuant to Rule 23(b)(2) is proper if the movant shows "that the party opposing class certification 'acted or refused to act' on grounds generally applicable to the class, such that final or declaratory relief is appropriate as to 'the class as a whole.'" *Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). The injuries sustained by the proposed class

members must be "sufficiently similar that they can be addressed in a single injunction that need not differentiate between class members," *id.* at 1268 (quotation omitted); however, "[t]hat the claims of individual class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999).

Furthermore, though the determination whether class certification is appropriate "entail[s] some overlap with the merits of the plaintiff's underlying claim," *id.* at 350-51, "Rule 23 grants court no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).  That is, merits questions may be considered only to the extent "that they are relevant to determining whether Rule 23 prerequisites for class certification are satisfied." *Id.*

### A.  Defendant's reliance on *Shook II* is misplaced.

Defendant cites *Shook v. Bd. of Cty. Commr's*, 543 F.3d 597 (10th Cir. 2008) ("*Shook II*") in arguing that Plaintiffs cannot meet their burden under Rule 23(b)(2).  However, *Shook II* is distinguishable from this case.

As set forth more fully in Plaintiffs' Motion for Class Certification, Plaintiffs have met their burden under Rule 23(b)(2).  Through this action, Plaintiffs seek a Court order implementing a single, system-wide process to rectify the violation of Plaintiffs' constitutional rights and to protect them from the threat of COVID-19 exposure by way of, *inter alia*, physical distancing requirements, increased cleaning protocols, and provision of personal protective equipment.  This

singular injunctive relief to remedy classwide civil-rights violations is precisely the sort of relief Rule 23(b)(2) was designed to facilitate.[1]

*Shook II* is distinguishable in this regard.  In that case, plaintiffs sought to certify a class of inmates suffering from a variety of mental illnesses, all of which put the inmates at varying levels of risk and types of harm at the hands of prison officials.  *Id.* at 605-06.  By contrast, the proposed Class members here, whether suffering from COPD, over the age of 55, or having a history of smoking or other substance abuse disorders, all face the same risk as a result of Defendant Reams's inaction: increased complications from COVID-19, including an increased risk of mortality.  Likewise, *Shook II* noted that the "chief difficulty" with respect to plaintiffs' proposed certification was that "much of the relief plaintiffs seek would require the district court to craft an injunction that distinguishes—based on individual characteristics and circumstances—*between* how prison officials may treat class members, rather than prescribing a standard of conduct applicable to *all* class members."  *Id.* at 605.  The same cannot be said here.  Again, irrespective of the proposed Class members' varying conditions that make them medically-vulnerable to COVID-19, the relief Plaintiffs seek—six feet of separation between inmates and staff, single-cell housing, provision of personal protective equipment including masks, thorough cleaning protocols, and related measures—are common practices that apply to *all* proposed Class members to decrease the risk of

---

[1] Indeed, Plaintiffs' proposed Class is similar to certified classes around the country seeking adequate protection of their civil rights and from the particular dangers COVID-19 presents to incarcerated individuals.  *E.g., Valentine v. Collier*, No. 4:20-CV-1115, 2020 WL 3491999 (June 27, 2020) (certifying class of current and future inmates detained within a unit for elderly inmates and inmates with health problems); *Ahlman v. Barnes*, No. SACV 20-835 JGB (SHKx), 2020 WL 2754938 (C.D. Cal. May 26, 2020) (certifying classes of all current and future pre-trial detainees and post-conviction prisoners incarcerated in the Orange County Jail); *Cameron v. Bouchard*, No. 20-10949, 2020 WL 2569868 (E.D. Mich. May 21, 2020) (certifying subclass of medically-vulnerable inmates).  *See also Fraihat v. United States Immigration & Customs Enf't*, 2020 WL 1932570, -- F. Supp. 3d -- (C.D. Cal Apr. 20, 2020) (certifying class of medically-vulnerable detainees at ICE facilities).

COVID-19 spreading among the population at the Weld County Jail, without differentiation for varying medical conditions. *Shook II* does not warrant denying class certification in this case.

> **B.   Defendant's additional arguments with respect to Rule 23(b)(2) are similarly unavailing.**

Defendant Reams further alleges two purported deficiencies in Plaintiffs' showing under Rule 23(b)(2). [Dkt. 64 at 10]. Neither provides an adequate basis to deny class certification.

With respect to a purported lack of allegations regarding "how the Sheriff here has acted or refused to act on grounds that apply generally to the class," [Dkt. 64 at 10], there is ample evidence in the record regarding Defendant's and the Weld County Jail's deficient response to COVID-19. *See, e.g.,* [Dkt. 1] (Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing with exhibits), [Dkt. 62 at 3-9] (Plaintiffs' Motion for Forthwith Hearing Regarding Defendant's Non-Compliance with the Court's Preliminary Injunction). The Court has already determined that there are sufficient allegations regarding Defendant's failures with respect to the proposed Class such that a preliminary injunction is warranted. Given that Plaintiffs have established a "likelihood of success on the merits" regarding Defendant's inaction, it is clear that Plaintiffs have demonstrated that the Sheriff here has acted or refused to act on grounds that apply generally to the class.

Defendant's second argument against class certification appears to rest largely on his contention that the requested classwide relief is "totally unmanageable." [Dkt. 64 at 8]. As an initial matter, the fact that preliminary classwide injunctive relief has already been granted in this case illustrates that classwide relief is feasible and possible. *See* [Dkt. 55] (granting in part Plaintiffs' Motion for Preliminary Injunction).

Furthermore, the scope of the requested classwide relief is a merits determination, and thus not eligible for review upon a motion for class certification. *See Amgen*, 568 U.S. at 466; *United*

*States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 496 (2001) (courts enjoy broad discretion in fashioning injunctive relief). Should the Court determine that Defendant Reams's contentions regarding the feasibility of Plaintiffs' requested injunctive relief are meritorious, it can address those contentions in fashioning the final remedy in this case. However, such a possibility does not warrant denying class certification.

## IV.    THE COURT DID NOT REPUDIATE THE PROPOSED CLASS.

Lastly, Defendant Reams's contention that the Court rejected Plaintiff's proposed Class in its May 11, 2020 Order is incorrect. Notably, in granting Plaintiffs' Motion for Preliminary Injunction, the Court did not rule on Plaintiffs' proposed class definition. *See* [Dkt. 55 at 37-38]. The Court's choosing a different definition of persons to be protected for the purposes of granting preliminary injunctive relief is not equivalent to a determination regarding class certification—it instead reflects the Court's determination of the breadth of its Order under the standards and requirements of Fed. R. Civ. P. 65.

Furthermore, if the Court were to find Plaintiffs' proposed class definition too broad when applying the relevant Rule 23 standards, it is within the Court's discretion to modify it, rather than rejecting class certification outright. *E.g., Colo. Cross-Disability Coal. v. Taco Bell Corp.*, 184 F.R.D. 354, 357 (D. Colo. 1999) (court has "discretion to alter, expand, subdivide or modify the class definition") (citing *Vaszlavik v. Storage Tech., Corp.*, 175 F.R.D. 672, 683 (D. Colo. 1997); *West v. Capitol Fed. Savings & Loan Ass'n*, 558 F.2d 977, 982 (10th Cir. 1977)). Defendant's contention that certification should be denied based on the Court's prior Order should be rejected.

## V.    CONCLUSION

Defendant's Response is largely premised on his assertion that, given the constraints of the Weld County Jail, any sort of classwide relief is "totally unmanageable." Plaintiffs have no doubt that managing an unprecedented crisis such as the COVID-19 pandemic is a difficult and at times

overwhelming task.  However, this does not justify a denial of class certification; indeed, without the ability to bring claims as a class, current and future inmates of the Weld County Jail will continue to face a substantial risk of harm.  Accordingly, for the reasons set forth above and in Plaintiffs' Motion, the proposed Class should be certified.

Dated: June 29, 2020

Respectfully submitted,

*s/ Daniel D. Williams*
Daniel D. Williams
Lauren E. Groth
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, Colorado 80302
(303) 442-6514
Williams@hbcboulder.com
Groth@hbcboulder.com

*In cooperation with the ACLU Foundation of Colorado*

Mark Silverstein
Rebecca T. Wallace
Sara R. Neel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF COLORADO
303 E. 17th Avenue, Suite 350
Denver, Colorado 80203
(720) 402-3114
msilverstein@aclu-co.org
rtwallace@aclu-co.org
sneel@aclu-co.org
*Counsel for Plaintiffs Barnum and Lewis*

*and*

David G. Maxted
Maxted Law LLC
1543 Champa Street Suite 400
Denver, CO 80202
Phone: 720-717-0877
dave@maxtedlaw.com

Andy McNulty
Michael P. Fairhurst
David A. Lane
Darold W. Killmer
KILLMER, LANE & NEWMAN, LLP
1543 Champa St. Suite 400
Denver, CO 80202
(303) 571-1000
amcnulty@kln-law.com
mfairhurst@kln-law.com
dlane@kln-law.com
dkillmer@kn-law.com

Jamie Hughes Hubbard
STIMSON STANCIL LABRANCHE HUBBARD, LLC
Phone: 720.689.8909
Email: hubbard@sslhlaw.com

*Counsel for Plaintiffs Carranza, Martinez, Propes, and Hunter*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2020, a true and correct copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel:


Matthew Hegarty
Andrew Ringel
John Peters
HALL & EVANS LLC
1001 17th Street, Suite 300
Denver, CO 80202
hegartym@hallevans.com
ringel@hallevans.com
jpeters@hallevans.com


*s/ Ella Ford*
Ella Ford
