IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00977-PAB-SKC

THOMAS CARRANZA,
JESUS MARTINEZ,
RICHARD BARNUM,
THOMAS LEWIS,
MICHAEL WARD,
COLBY PROPES, and
CHAD HUNTER,

    Plaintiffs, on their own and on behalf of a class of similarly situated persons,

v.

STEVEN REAMS, Sheriff of Weld County, Colorado, in his official capacity,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on Plaintiffs' Motion for Forthwith Hearing Regarding Defendant's Non-Compliance with the Court's Preliminary Injunction [Docket No. 62].

    This case concerns the Weld County Jail's housing of medically vulnerable inmates[1] during the COVID-19 pandemic. On May 11, 2020, the Court entered a

---

[1] The Court's preliminary injunction order defined "medically vulnerable" people as "people who are 65 years and older, have chronic lung disease or moderate to severe asthma, have serious heart conditions, are immunocompromised, have severe obesity, have diabetes, have chronic kidney disease and undergoing dialysis, or have liver disease." Docket No. 55 at 5-6 (citing "People Who Are at Higher Risk for Severe Illness," *Centers for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 8, 2020)).

preliminary injunction against defendant in his official capacity as Sheriff of Weld County, Colorado.  Docket No. 55.  The preliminary injunction first required defendant to compile a list of medically vulnerable inmates held at the Weld County Jail (the "screening procedure").  *Id*. at 37-38.  The preliminary injunction also required defendant to institute five policies and procedures in the Jail.  *Id*. at 38-39.  As relevant here, those requirements included "[a] policy ensuring that, to the maximum extent possible considering the Jail's physical layout, population level, and classification needs, medically vulnerable inmates are 'socially distanced' from other inmates housed in the Jail" (the "social distancing policy") and "[a] procedure, as part of the intake of new inmates into the Jail, for medically vulnerable inmates to be single-celled or otherwise socially distanced, to the maximum extent possible considering the Jail's physical layout and classification needs, while housed in the transition unit" (the "intake procedure").  *Id*. at 38.  Defendant filed a report detailing his compliance with the preliminary injunction on May 18, 2020.  Docket No. 60.

On May 21, 2020, plaintiffs filed the instant motion, requesting that the Court hold a hearing on what they claim is defendant's non-compliance with the preliminary injunction.  Docket No. 62 at 1.  Specifically, plaintiffs seek a hearing to challenge defendant's compliance with the preliminary injunction's screening procedure, social distancing policy, and intake procedure requirements.  *Id*. at 3.  Defendant opposes the motion.  *See* Docket No. 66.

The Court will deny the motion.  A district court has the authority to conduct evidentiary compliance hearings to determine if a party is in compliance with the court's

orders. *Cf. Battle v. Anderson*, 594 F.2d 786, 789 (10th Cir. 1979) (discussing a district court's compliance hearings related to overcrowded penal institutions). However, the purpose of such a hearing in this case is unclear to the Court. Plaintiffs do not ask that defendant be held in civil contempt for violating the preliminary injunction order. *See* Docket No. 62; *cf. Jeff D. v. Otter*, 643 F.3d 278, 285-86 (9th Cir. 2011) (discussing where a compliance hearing may use the burdens of proof and standard for civil contempt). And plaintiffs explicitly state that they are not asking the Court to modify the preliminary injunction order. *See* Docket No. 72 at 1 ("Plaintiffs do not seek to modify or expand the Court's order.").[2] Rather, plaintiffs' reply clarifies that they seek a hearing because of an "imbalance in access to relevant information." *See id*. at 1-2 (arguing that defendant, who controls the Jail, has "refused to provide" information relevant to determining compliance). However, plaintiffs fail to explain why this

---

[2] Despite this representation, it appears to the Court that the impetus for plaintiffs' motion is the perceived inadequacy of the preliminary injunction order, not defendant's compliance with the order. For example, plaintiffs contend that the screening questions used by defendant do not "reasonably ensure that the screener will uncover whether the inmate is medically vulnerable." Docket No. 62 at 8. But defendant's screening questions track the language of the preliminary injunction, *compare* Docket No. 55 at 37-38 *with* Docket No. 60 at 2-3, and thus are not evidence of defendant's non-compliance with the preliminary injunction. Rather, plaintiffs are arguing that the language of the Court's preliminary injunction should be modified to, in their view, more accurately identify medically vulnerable inmates. Similarly, plaintiffs' arguments as to defendant's social distancing policy rely in part on the assertion that COVID-19 testing is now widely available and should be used in the Jail. Docket No. 62 at 5-7. The Court found in the preliminary injunction order that "it [was] not clear from the record that the Jail has the quantity of test kits necessary to implement a wide-ranging testing procedure or that the Jail can acquire a sufficient number of test kits." Docket No. 55 at 33. The Court now requiring the Jail to implement a testing protocol would be a modification of the preliminary injunction order, not an evaluation of defendant's compliance with the order as it exists.

information must be probed at a hearing rather than through the discovery process. Thus, the Court concludes that a compliance hearing is not necessary at this time.[3]

Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Forthwith Hearing Regarding Defendant's Non-Compliance with the Court's Preliminary Injunction [Docket No. 62] is **DENIED**,

DATED July 2, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] Nothing in this order should be construed as relieving defendant's obligation to comply with the Court's preliminary injunction order.