IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 20-cv-00977-PAB-SKC

JESUS MARTINEZ and
CHAD HUNTER,

    Plaintiffs, on their own and on behalf of a class of similarly situated persons,

v.

STEVEN REAMS, Sheriff of Weld County, Colorado, in his official capacity,

    Defendant.

## ORDER

    This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement [Docket No. 96]. On May 11, 2020, the Court entered a preliminary injunction against defendant in his official capacity as Sheriff of Weld County, Colorado. Docket No. 55. On July 29, 2020, the Court extended the order and has, at the parties' request, extended it several more times since then. *See* Docket Nos. 82, 84, 88, 93. The preliminary injunction is set to expire on December 9, 2020. Docket No. 93.

    On November 30, 2020, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement, Certification of a Class and Appointment of Class Counsel, and Permission to Post Class Notice (the "Class Settlement Motion"). Docket No. 96. Contemporaneously, the parties moved for a fifth extension of the preliminary injunction and a stay of all proceedings for the earlier of either 60 days or until such time as the Court enters an order on the Class Settlement Motion. Docket No. 97. The Prison

Litigation Reform Act ("PLRA"), which applies to "any civil action with respect to prison conditions," distinguishes between "preliminary injunctive relief" and "prospective relief." See 18 U.S.C. § 3626(a) and (b).  As relevant here, preliminary injunctive relief "automatically expire[s] on the date that is 90 days after its entry," unless the Court makes the findings required for the entry of prospective relief and makes the order final. 18 U.S.C. § 3626(a)(2).  However, "[n]othing in the [PLRA] limits the number of times a court may enter preliminary relief."  Alloway v. Hodge, 72 F. App'x 812, 817 (10th Cir. 2003) (unpublished) (citing Mayweathers v. Newland, 258 F.3d 930, 936 (9th Cir. 2001)).  In light of the parties' representations, the Court finds that extending the preliminary injunction is appropriate and consistent with the requirements of the PLRA. See 18 U.S.C. § 3626(a)(2); Docket No. 55 at 37.

It is well-established that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."  Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983).  Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." Davidson v. Bank of Am. N.A., No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015).  A stay may, however, be appropriate in certain circumstances.  In determining whether to grant or deny a stay, courts in this district consider the following factors (the "String Cheese Incident factors"): "(1) plaintiff's interests in

proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

The parties argue that a stay is appropriate under the *String Cheese Incident* factors because: (1) there will be no prejudice to plaintiffs because they desire the resolution of this action through the Class Settlement Motion, and any interest in proceeding with discovery is less than their interest in the Class Settlement Motion; (2) though an extension of the preliminary injunction will burden defendant, defendant believes that the burden of participating in discovery while awaiting a determination on the Class Settlement Motion would be greater; (3) a stay would prevent unnecessary pretrial and trial proceedings as the proposed settlement will resolve, many, if not all, factual and legal issues between the parties and a grant of the Class Settlement Motion will eliminate the need for discovery; (4) the proposed class has an interest in obtaining the relief in the Class Settlement Motion; and (5) the public interest is in an efficient and just resolution, which a stay will promote by eliminating wasteful efforts. Docket No. 97 at 4-6.

The Court agrees with the parties that a stay is warranted. A stay until the Court rules on the Class Settlement Motion will prejudice neither party, will promote court efficiency, will promote the interests of the proposed class, and will promote the public interest by conserving judicial resources. Accordingly, it is

**ORDERED** that the Joint Motion for Fifth Extension of Preliminary Injunction Order and for Stay of All Proceedings Pending Ruling on Joint Motion for Preliminary Approval of Class Action Settlement, Certification of a Class and Appointment of Class Counsel, and Permission to Post Class Notice [Docket No. 97] is **GRANTED**. It is further

**ORDERED** that this case is hereby **STAYED** until the entry of an order of the Court on the Class Settlement Motion. It is further

**ORDERED** that the Court's order granting a preliminary injunction, Docket No. 55, is extended for an additional 58 days. The order will expire on February 5, 2021, unless extended by the Court.

DATED December 4, 2020

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge