IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 20-cv-00977-PAB-SKC

JESUS MARTINEZ, and
CHAD HUNTER,

> Plaintiffs, on their own and on behalf of a class of similarly situated persons,

v.

STEVEN REAMS, Sheriff of Weld County, Colorado, in his official capacity,

> Defendant.

---

## ORDER

---

This matter is before the Court on the parties' Joint Supplement to Joint Motion for Preliminary Approval of Class Action Settlement [Docket No. 101]. The Court ordered the parties to supplement their Joint Motion for Preliminary Approval of Class Action Settlement [Docket No. 96] in order to address whether past and future inmates of the Weld County Jail ("WCJ") should be included in the class definition, the address where objections should be mailed, and the locations for posting notice of the proposed settlement in the WCJ in English and Spanish. Docket No. 100 at 23.

## I. ANALYSIS

### A. Definition of Class

The parties proposed class definition includes past and future inmates of the WCJ. Docket No. 96 at 9. The Court identified issues with how the proposed notice would reach past inmates and how released inmates would benefit from the settlement

agreement's proposed injunctive relief.  Docket No. 100 at 7.  In the supplement, the parties agree that past inmates should be removed from the class definition.  Docket No. 101 at 3.  The Court finds that withdrawing past inmates from the proposed class cures the issues identified.

The Court also identified issues with future inmates, noting that the parties did not indicate how notice would reach future inmates and that "it is unclear to the Court why the class definition requires the inclusion of future inmates when the proposed relief extends for a defined period of time and covers all medically vulnerable inmates during that time."  Docket No. 100 at 6, 8.

The Court finds that the parties' supplement provides sufficient justification for the inclusion of future inmates in the proposed class.  *See* Docket No. 101 at 3-5. Regarding the Court's concern about how notice would reach future class members, the parties indicate that future members will be given notice of the consent decree within a reasonable time after being booked into the WCJ.  *Id.* at 5.  The parties also state that, despite the temporally limited nature of the consent decree, the inclusion of future inmates is necessary because it provides defendant with a "critical safeguard" against claims for injunctive relief by future inmates that differ from the relief set forth in the proposed consent decree.  *Id.*  The Court finds that the inclusion of future medically vulnerable inmates in the consent decree is appropriate.

### B.  Recipient of Objections

The Court ordered the parties to identify someone other than the Clerk of Court to receive any objections to the proposed settlement.  Docket No. 100 at 7-8.  The

2

parties have identified one of plaintiffs' counsel, Daniel D. Williams, as that person.

Docket Nos. 101 at 6; 101-1 at 4; 101-2 at 4.  The Court finds that Mr. Williams is an

appropriate person to receive any objections.

### C.  Location of Notice Posting

The Court ordered the parties to provide greater detail about how notice would

be communicated to class members within the WCJ, including those who may have

been inadvertently placed in the wrong area of the WCJ.  Docket No. 100 at 20.  The

parties' supplement states that the proposed notice will be uploaded to the WCJ's jail-

wide television system in both English and Spanish.  Docket No. 101 at 7.  Each page

of the proposed notice will be shown in English and Spanish for two minutes every day

during the course of the daily inmate video briefing with a once-through repeat,

meaning that the proposed notice will be posted for 32 minutes each day during the

notice period.  *Id.*  The parties do not define the notice period, but the Court construes it

to mean the period of time between the entry of this order and the date of the Fairness

Hearing.

The video broadcast will inform inmates that a paper copy of the notice is

available for review upon request at the guard station in each housing unit, and each

guard station will contain an English and Spanish version of the notice.  *Id.*  The parties

state that, once the consent decree is entered, the WCJ will modify this practice to have

the consent decree take the place of the notice found in the housing unit guard station

and the morning briefing will inform inmates that the guard station has a copy of the

consent decree.  *Id.*  The Court determines that this method of proposed notice cures

3

the earlier defects.  The Court finds that the notice procedures are designed to reasonably apprise class members of the proposed settlement.  *See* Fed. R. Civ. P. 23(e)(1)(B).

## II. CONCLUSION

The Court held in abeyance a decision on the motion for preliminary approval [Docket No. 96] to allow the parties to supplement their motion.  Docket No. 100 at 23. The supplemental brief filed by the parties has cured the defects identified by the Court, as explained above.  Accordingly, it is

ORDERED that the Joint Motion for Preliminary Approval of Class Action Settlement, Certification of a Class and Appointment of Class Counsel, and Permission to Post Class Notice [Docket No. 96] is **GRANTED**.  It is further

ORDERED that the Proposed Consent Decree and Final Judgment [Docket No. 96-1] is **PRELIMINARILY APPROVED** with regard to present and future medically vulnerable inmates.  It is further

ORDERED that the proposed class of all present and future medically vulnerable inmates housed in the Weld County Jail from April 7, 2020 through the COVID-19 Emergency End Date is **PRELIMINARILY CERTIFIED** for the purposes of settlement. It is further

ORDERED that plaintiffs' attorneys are appointed class counsel.  It is further

ORDERED that a Fairness Hearing is set for **February 12, 2021** at **3:30 p.m.** by Video Teleconference ("VTC") only.  It is further

**ORDERED** that the parties shall update the proposed notice in English [Docket No. 101-1] and Spanish [Docket No. 101-2] to reflect that the preliminary injunction is currently set to expire February 5, 2021, that the Fairness Hearing is set for February 12, 2021 at 3:30 p.m. by VTC only, that class members must mail written objections by February 5, 2021, and that there are procedures for an objector to connect to the Fairness Hearing.  To connect to the Fairness Hearing, a class member should call 1-877-848-7030 and then enter 2001872#.  Calling this telephone number will allow class members to listen to the Fairness Hearing, and when it is the appropriate time to raise any objections, the Court will unmute the line and permit class members to state objections.  When the objections are over, the Court will mute the line again, though class members may continue to listen to the Fairness Hearing.  Any class member who has submitted an objection in writing by the deadline set forth above may connect to the Fairness Hearing and be heard as to why the proposed settlement agreement should not be approved.  Any class members who fails to object will be deemed to have waived the right to object to the proposed settlement agreement.  It is further

**ORDERED** that the parties update the Proposed Consent Decree and Final Judgment [Docket No. 96-1] to reflect that the proposed class does not include past inmates, to revise the case caption, to amend the definition of "plaintiffs."  The parties shall then file the updated document with the Court.  It is further

**ORDERED** that the parties shall post the updated notice in English [Docket No. 101-1] and Spanish [Docket No. 101-2] in the WCJ in the matter described in the parties' Joint Supplement [Docket No. 101].

DATED December 29, 2020

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge